```
              UNITED STATES DISTRICT COURT
            SOUTHERN DISTRICT OF MISSISSIPPI
                    EASTERN DIVISION
```

JOHNNY CRAWFORD, ET AL.                              PLAINTIFFS

VS.                                CIVIL ACTION NO. 4:05CV186LR

WMC MORTGAGE CORPORATION, ET AL.                     DEFENDANTS


JOHNNY CRAWFORD                                      PLAINTIFFS

VS.                                 CIVIL ACTION NO. 4:06CV64LR

WMC MORTGAGE CORPORATION, ET AL.                     DEFENDANTS

<u>ORDER</u>

On July 2, 2004, plaintiffs Johnny Crawford and Shellie Crawford, citizens of Mississippi, filed a lawsuit against the nonresident WMC Mortgage Corporation in the Chancery Court of Wayne County, Mississippi, as Civil Action No. 2004-204, alleging claims relating to a July 22, 1998 loan transaction with WMC resulting in a deed of trust on which WMC was threatening foreclosure.  Plaintiffs alleged no federal claims and an amount in controversy below the $75,000 minimum for federal diversity jurisdiction, and thus, at the time, there was no basis for removal of that case.

Subsequently, on July 22, 2005, the same plaintiffs, Johnny Crawford and Shellie Crawford, filed a second lawsuit in the Chancery Court of Wayne County alleging additional claims against

WMC Mortgage Corporation and against four resident defendants, Hare Mortgage LLC, Hare Mortgage, Inc., Rhonda Hare and Carolyn Turner, arising from the very same loan transaction, this time seeking an amount in excess of $75,000.  Among other things, plaintiffs alleged that Rhonda Hare, Hare Mortgage and Carolyn Turner had "conspired in order to inflate the value of the[ir] ... property in order to increase the amount of money that WMC would loan the[m]," that the appraisal prepared by Carolyn Turner on behalf of the Hare defendants was fraudulent, and that as a result, the underlying debt was also fraudulent, making WMC's attempted foreclosure wrongful.  Defendant WMC removed the case, contending that the resident defendants had been fraudulently joined to defeat diversity inasmuch as the statute of limitations had clearly run on plaintiffs' claims against them, and asserting further that plaintiffs' complaint also indirectly asserted a claim for violation of the Equal Credit Opportunity Act, inasmuch as plaintiffs had alleged that defendants had repeatedly failed and refused to provide plaintiffs with the appraisal prepared in connection with the loan despite plaintiffs' manifest right to receive a copy of same.

   Following removal of plaintiffs' 2005 suit, plaintiffs promptly moved to remand, arguing that in view of the various defendants' fraudulent concealment, plaintiffs' claims against the resident defendants were timely filed; that WMC could not properly

2

rely on the statute of limitations as a basis for claiming fraudulent joinder in any event since the resident defendants, by failing to timely answer the complaint, had waived this defense to plaintiffs' claims against them by not raising it;[1] and finally that WMC's removal was procedurally defective because its co-defendants had not joined in the removal petition or otherwise consented to removal.

The parties commenced discovery related to WMC's fraudulent joinder (statute of limitations) argument and plaintiffs' responsive contention that the statute of limitations was tolled as a result of defendants' fraudulent concealment. In the midst of this discovery and briefing on the motion to remand, the Crawfords filed in their 2004 suit, which was still pending in state court, a motion to amend their complaint to add as defendants Hare Mortgage LLC, Hare Mortgage, Inc., Rhonda Hare and Carolyn Turner and to assert the very same claims against them as had been asserted in the Crawfords' second-filed lawsuit. Following a hearing, the court advised that the motion would be granted, which prompted defendants to immediately remove that case to this court. Plaintiffs promptly moved to remand, contending primarily that defendants' removal was premature, having been accomplished before an amended complaint was ever filed, and

---

[1] This argument was first made in plaintiffs' rebuttal brief on their motion to remand.

3

maintaining, further that the resident defendants were proper parties in any event.

Although the motions to remand that are now pending in these respective cases raise disparate procedural issues, both involve the same fundamental substantive issue of whether plaintiffs have any reasonable possibility of recovery against the resident defendants on any of their claims against them, or whether, as defendants contend, no such possibility exists because as a matter of law, based on undisputed facts, all of plaintiffs' claims are barred by the applicable statute of limitations.  This court has carefully reviewed the evidence on this issue,[2] including that bearing on plaintiffs' allegations of fraudulent concealment, and has considered the parties' arguments in support of their positions, and in the end, is unable to conclude that the resident defendants have been fraudulently joined.  There is certainly a possibility that the state court could conclude that plaintiffs' claims are time-barred.  However, in the court's opinion, it is also reasonably possible that the state court would find merit in plaintiffs' charge of fraudulent concealment, including both of the requisites for such a claim, i.e., a subsequent affirmative

---

[2] Although plaintiffs undertook to make substantial revisions (what they termed clarifications or corrections) to their deposition testimony, those revisions were ordered stricken by the magistrate judge.  That ruling is currently on appeal to the undersigned.  For present purposes, the court has considered the deposition testimony as given, <u>without</u> the changes.

act of concealment and the exercise of reasonable diligence on plaintiffs' part to discover their claim.

As for WMC's argument in the 2005 suit that plaintiffs' complaint raises a federal question, it is true that plaintiffs have alleged that defendants refused to provide a copy of the appraisal prepared in connection with their loan.  It is also true that plaintiffs were entitled under federal law to receive a copy of their appraisal.  Nevertheless, it is clear to the court that plaintiffs have identified defendants' failure to furnish a copy of the appraisal despite plaintiffs' repeated requests solely as evidence in support of plaintiffs' claim of fraudulent concealment, and not as a basis for a separate claim for relief. In the absence of complete preemption, it is plaintiffs' choice, as master of their complaint, whether to assert a federal cause of action available to them, and here, plaintiffs have chosen not to assert such claim.

For the foregoing reasons, it is ordered that plaintiffs' motions to remand in both of these cases are granted.

SO ORDERED this 27th day of July, 2006.

/s/ Tom S. Lee
UNITED STATES DISTRICT JUDGE